FILED

2007 Jun-11  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **DONNELLA BARRON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civ. Action. No.:** |
| **v.** | ) | **2:05-CV-2193-VEH** |
| | ) | |
| **MICHAEL J ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Before the court is the Motion of Defendant, Commissioner of the Social Security Administration (hereinafter "Defendant"), for Summary Judgment on the claims of Donnella Barron (hereinafter "Plaintiff").  (doc. 33).  The court also has before it Defendant's Motion to Strike Plaintiff's Affidavit.  (doc. 48).

Having considered the briefs and evidentiary submissions, the court finds that Defendant's Motion for Summary Judgment is due to be **GRANTED** for the reasons outlined below.  The court also finds that Defendant's Motion to Strike is due to be **DENIED** for the reasons outlined below.

## I.    FACTUAL HISTORY[1]

Plaintiff entered employment with Defendant in September 1999 as a Technical Support Technician in Defendant's Southeastern Program Service Center in Birmingham, Alabama.  (doc. 1, ¶ 9).  She was hired as an employee with a disability. (Id.).

Plaintiff suffers from Fibromyalgia, Cerebral Palsy, Spastic Paraplegia, and Systemic Lupus Erythermatosus.  (doc. 1, ¶ 8).  She experiences generalized pain, organ deterioration, pneumonia, acid reflux, and speech difficulty.  (Id.).

Defendant issued Plaintiff a motorized scooter in October 1999.  (AF No. 7).[2] The scooter enabled Plaintiff to move about her office building without pain, shortness of breath, or fear of falling.  (doc. 1, ¶ 11).

---

[1]  These are the facts for summary judgment purposes only.  They may not be the actual facts.  See *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts'") (citation omitted).  Where the facts are in dispute, they are stated in the manner most favorable to the plaintiff.  See *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

[2]  The designation "AF" stands for "admitted fact" and indicates a fact offered by Defendant that Plaintiff has admitted in her written submissions on summary judgment or in her evidentiary submissions in response to Defendant's Motion for Summary Judgment.  Whenever Plaintiff has adequately disputed a fact offered by Defendant, the court has accepted Plaintiff's version.  The court's numbering of admitted facts (e.g., AF No. 1) corresponds to the numbering of Defendant's Statement of Facts as set forth in Doc. 36 and responded to by Plaintiff in Doc. 43.  Similarly, the designation "AAF" refers to "additional admitted fact" and corresponds to Plaintiff's Statement of Facts contained in Doc. 43 and responded to by Defendant in Doc. 51. Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

In May 2003, Defendant issued a memorandum by which it informed its disabled employees that it would reclaim any scooters it had issued them, except where a scooter qualified as a reasonable accommodation. (AF No. 12).

In August 2003, Plaintiff applied to retain her scooter as a reasonable accommodation. (doc. 1, ¶ 14). Plaintiff's supervisors, Lagreta Roberts (hereinafter "Roberts") and Ola Walker (hereinafter "Walker"), recommended that Plaintiff's request be approved so she could use the scooter for mobility throughout the building, such as to the cafeteria, restroom, and her office door.[3] (AF Nos. 37, 38; AAF No. 26).

In November 2003, Defendant denied Plaintiff's request, and the scooter was reclaimed.[4] (Id.). Plaintiff was informed that she could purchase her own scooter and bring it to work. (AF No. 63). Defendant offered to ensure that her work area was scooter-accessible. (Id.).

Plaintiff obtained her own scooter on December 12, 2003. (AF No. 72).

---

[3] Plaintiff's office building contains eleven floors and a basement. (AAF No. 8). The cafeteria is located on the first floor. (Id.). The building contains twelve elevators. (Id) It is not clear from the record on which floor Plaintiff worked.

[4] Plaintiff alleges that she needed the scooter to move about her office building. However, she does not specifically dispute that Defendant denied her request because she did not need the scooter to perform her job duties.

## II.   PROCEDURAL HISTORY

Plaintiff initiated this lawsuit on October 24, 2005 by filing her complaint in this court.[5]  (doc. 1).  The complaint asserts that Defendant failed to reasonably accommodate her disability in violation of the Disability Discrimination Rehabilitation Act, 29 U.S.C. § 701, *et seq*.  Plaintiff asserts this court's jurisdiction over her claims under 28 U.S.C. §§ 1343 and 1346.  She asserts that venue is proper under 28 U.S.C. § 1391(e).

In its Motion for Summary Judgment, Defendant argues that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law as to all claims against it.  The parties have filed briefs and evidentiary submissions in response to Defendant's motion.  (docs. 36, 43, 51).[6]

Both the Motion for Summary Judgment and Defendant's Motion to Strike Plaintiff's Affidavit are considered herein.

_____

[5]  Plaintiff filed her Complaint with two other named plaintiffs to this action, Joyce R. Conway and Alice J. Page.  (doc. 1).  Defendant has submitted separate Motions for Summary Judgment on each plaintiff's claims.  (docs. 33, 34, 35).  The court's Memorandum Opinion considers only the claims of Plaintiff Donnella Barron.  The claims of Plaintiffs Conway and Page will be addressed in separate memorandum opinions and orders entered by the court.

[6]  Defendant also filed Motions to Strike the Affidavits of each plaintiff in this case. (docs.  48-50).  Plaintiffs filed responses in opposition to Defendant's Motions to Strike (docs. 55-57), and Defendant has replied to the plaintiffs' oppositions (docs. 58-60).  Defendant's Motions to Strike the Affidavits of Plaintiffs Conway (doc. 49) and Page (doc. 50) will not be discussed in this memorandum opinion.  They will be addressed in the memorandum opinions applicable to those respective plaintiffs' claims.

## III.   STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56(c) requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant.  *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the

5

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  See *Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)).  If the moving party bears the burden of proof at trial, then it can meet its burden on summary judgment only by presenting positive evidence that demonstrates the absence of a genuine issue of material fact; i.e., facts that would entitle it to a directed verdict if not controverted at trial.  *Fitzpatrick*, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the nonmoving party must respond with

6

positive evidence sufficient to resist a motion for a directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the nonmoving party on the issue in question.  This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the nonmoving party's case.  *Fitzpatrick*, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts.  *Lewis v. Casey*, 518 U.S. 343 (1996), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## IV.   ANALYSIS

§ 504 of the Rehabilitation Act of 1973 prohibits federal agencies from

7

discriminating against "otherwise qualified" disabled employees.[7]  29 U.S.C. §
794(a).  Plaintiff alleges that Defendant discriminated against her by failing to
reasonably accommodate her disability.

To establish a prima facie case of discrimination under the ADA, Plaintiff must
demonstrate that she (1) is disabled or perceived to be disabled; (2) is a "qualified
individual," i.e., she is qualified for and can perform the essential functions of her
position with or without accommodation; and (3) was discriminated against on the
basis of her disability.  *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003).
Plaintiff must also show that a reasonable accommodation exists.  *Earl v. Mervyns,
Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000).

Defendant argues that Plaintiff cannot show she was denied a reasonable
accommodation.  Under the ADA, an employer may be liable for failing to make
"reasonable accommodations to the known physical or mental limitations of an
otherwise qualified individual with a disability. . . ."  42 U.S.C. § 12112(b)(5)(A).
A reasonable accommodation includes

(1) making existing facilities used by employees readily accessible to and
usable by individuals with disabilities, and (2) job restructuring, part-time or

---

[7]  Discrimination claims brought under the Rehabilitation Act are governed by the same
standards as claims brought under Title I of the Americans with Disabilities Act of 1990
(hereinafter "ADA").  See *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526  n. 2 (11th Cir.
1997).

> modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodation for individuals with disabilities.

42 U.S.C. § 12111(9).

> [T]he burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable.

*Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997).

"[T]he use of the word 'reasonable' as an adjective for the word 'accommodate' connotes that an employer is not required to accommodate an employee in any manner in which that employee desires." *Stewart*, 117 F.3d at 1285. "[P]laintiff does not satisfy her initial burden by simply naming a preferred accommodation–even one mentioned in the statute or regulations; she must show that the accommodation is 'reasonable' given her situation." *Terrell v. USAir*, 132 F.3d 621, 626 (11th Cir. 1998), citing *Stewart*, 117 F.3d at 1286. Plaintiff must prove that the accommodation is reasonable to establish her prima facie case. *Willis v. Conopco, Inc.*, 108 F.3d 282, 283 (11th Cir. 1997).

Plaintiff argues that a scooter is a reasonable accommodation. However, a motorized scooter is a reasonable accommodation only if it enables Plaintiff to

9

perform the essential functions of her job. *Lucas v. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). "Essential functions" are fundamental job duties, as opposed to "marginal functions." 29 C.F.R. § 1630.2(n)(1); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998). Determining whether a particular job duty is an essential function requires a factual inquiry to be conducted on a case-by-case basis. *Lucas*, 257 F.3d at 1258.

"[C]onsideration shall be given to the employer's judgment . . . and if an employer has prepared a written description . . . for the [claimant's] job, this description shall be considered evidence of the essential functions of the job." *Lucas*, 257 F.3d at 1258, citing *Earl*, 207 F.3d at 1365.

Defendant reclaimed Plaintiff's scooter because it believed she did not need it to perform her essential job functions.[8] (AF No. 50). Plaintiff has acknowledged that

---

[8] Plaintiff does not specifically respond to this argument. Her response to this point is, at best, limited and vague. She appears to argue that she does not have to prove that a reasonable accommodation exists, i.e., that a scooter need not enable her to perform her essential job functions. Rather, she must only suggest the existence of a "plausible accommodation," the costs of which do not clearly exceed its benefits. See *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 781 (6th Cir. 1998).

This argument directly conflicts with Eleventh Circuit binding precedent, which clearly requires Plaintiff to show that a reasonable accommodation exists. See *Stewart*, 117 F.3d at 1286. The court, therefore, rejects Plaintiff's request that a less stringent standard be applied to to her case than that which has been clearly set forth by the Eleventh Circuit Court.

Furthermore, Plaintiff argues that Defendant suffers no undue burden by providing her with a scooter. Plaintiff mistakes the issue at hand; Defendant need not demonstrate that providing a scooter is an undue burden until <u>after</u> Plaintiff has shown that a scooter is a reasonable

the job description used by Defendant to deny her request is an accurate description of her job duties.[9]  (AF No. 22).

Plaintiff argues that she was initially given the scooter as a reasonable accommodation because it enabled her to move about her office building.  Defendant denies that the scooter was ever a "reasonable" accommodation, claiming instead that it offered her the scooter as a "courtesy."

Regardless of whether Defendant or Plaintiff considered the scooter to be a "reasonable" accommodation, the record demonstrates that the scooter is not a reasonable accommodation in this case because Plaintiff does not need it to perform her essential job functions.  Plaintiff concedes that her job functions are "primarily sedentary." (AF No. 21).   She did not even request a scooter when she began her job in 1999. (Barron Dep. at 17).  Defendant offered her the scooter about one week after she began work.  (Id.).  According to her supervisors, Plaintiff does not need a scooter to perform her job duties.  (AF Nos. 25, 39).

Plaintiff argues that she needs a scooter to reach the copier machine and to visit

accommodation.  See *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000).  Because the court finds that a scooter is not a reasonable accommodation in this case, it is not necessary for Defendant to show that providing her with a scooter is an undue burden.

[9] Plaintiff disputes that the job description contains all of her duties.  However, as explained below, she offers no evidence of additional essential job functions that are not listed in the description and necessitate a scooter.

11

technicians who help process her cases.  However, these are not Plaintiff's essential job functions.  Furthermore, she does not need to make copies very often.  (AF No. 56).  She argues she has no one to assist her with making copies, but she also testified that she never asked anyone to help her.  (Barron Dep. at 17).  She can also avoid leaving her desk to communicate with technicians by contacting them by telephone. (Barron Dep. at 16-17).

The record is void of evidence that Plaintiff requires a scooter to perform her essential job functions.  While it takes longer and is "difficult at times" for Plaintiff to perform her work, she is able to complete her job without a scooter.  (Barron Dep. at 21).

Even if Plaintiff required a scooter to perform her essential job duties, Defendant argues that it is not obligated to supply her with one because, in her case, a scooter constitutes a personal use item.  According to Defendant, "if an adjustment or modification assists the individual throughout his or her daily activities, on and off the job, it will be considered a personal item that the employer is not required to provide."  See 29 C.F.R. § pt. 1630, app. § 1630.9.

In *Moos v. Commissioner, Soc. Sec. Admin.*, 2004 WL 1494534 (E.E.O.C. Jun. 24, 2004), the employer was not required to provide a wheelchair to its disabled employee because the employee needed the wheelchair outside of work as well as in

12

his job.

Similarly, Plaintiff needs a mobility device both "on and off the job."  In her workplace, she has difficulty going to the restroom and the cafeteria without a scooter.  (AF No. 38).  As to her mobility outside of work, Plaintiff testified that

> [She] has to use a store-provided electric cart when going to a store.  She is unable to go to malls or shopping centers.  When going to dinner or church, she has to have someone with her who can help her get from her car into the building and back to her car.  She is unable to go many places due to the pain, ache and shortness of breath.  Inside of the house, she uses a walker or holds to furniture, walls or doors.  She uses a tub chair in the shower and has difficult getting in and out of the tub.  She cannot vacuum, sweep, mop, or perform other household chores, and often has to sit down while cooking.  [Plaintiff] is unable to use her scooter inside her apartment due to the size of her apartment.

(Def.'s exh. 49 at Int. #9).

Plaintiff argues that *Moos* is distinguishable from her claims because the claimant in that case used a wheelchair in his home as well as at work.  Plaintiff asserts that she does not use a scooter in her home because her apartment is too small.  She argues that "there is no comparison between her mobility situation at home" and her mobility at work, given the difference between the size of her two-bedroom apartment and her eleven-story office building.  Plaintiff seems to imply by this argument that she requires a scooter to move about her office building but does not need a scooter outside her work.  The record is clear, however, that Plaintiff uses

scooters outside her workplace, and even avoids places where she cannot use a scooter.  (AF No. 35).  The court is unconvinced that *Moos* is distinguishable from her case, and agrees with Defendant that a scooter, under these circumstances, constitutes a personal use item.[10]

---

[10]  Defendant also argues that the fact that it supplied Plaintiff with a scooter in the past does not obligate it to continue doing so indefinitely.  Indeed, prior accommodations do not make an accommodation reasonable or require an employer to continue that accommodation permanently.  See *Wood*, 323 F.3d at 1314; *Holbrook*, 112 F.3d at 1528.  An employer is also not required to continue providing an accommodation that exceeds the requirements of the law.  See *Holbrook*, 112 F.3d at 1528.  Defendant's provision of a scooter to Plaintiff exceeded the legal requirements because, in her case, the scooter is a personal use item.  The court agrees with Defendant that it need not be required to continue supplying the scooter to Plaintiff simply because it has done so in the past.

Plaintiff also attempts to support her argument by offering an email written by Miguel Castillo (hereinafter "Mr. Castillo"), a regional "EEO" Manager at Defendant's Western Program Service Center, to Jan Keith, who apparently works in Defendant's Southeastern Program Service Center. (Pl.'s exh. 22).  Neither the duties of an "EEO Manager" nor the location of Mr. Castillo's office are clear from the record.  The email appears to have been in response to an inquiry by Defendant's Southeastern Program Service Center in Birmingham regarding the Western Service Center's practice of offering scooters to its disabled employees.  (Pl.'s exh. 22).

Mr. Castillo's email reads in relevant part:  "[Defendant] used to take the position that . . . scooters are a personal accommodation and therefore not a reasonable accommodation. . . . Someone in the decision chain seems to have finally realized that a mobility impaired employee can probably negotiate around a 2,000 square foot house without a scooter, but may have problems getting around a million square foot building.  We [i.e., the Western Service Center] don't get into the fine line of 'are you now more disabled tha[n] you used to be and should therefore buy your own scooter.'  I can't imagine how you would begin to make that determination and I can already imagine the civil rights complaints that would result."  (Pl.'s exh. 22).

Plaintiff argues that Mr. Castillo's email weighs heavily in support of her argument that a scooter is a reasonable accommodation and not a personal use item.  However, she does not explain how Mr. Castillo's opinion has any legal relevance to her claims.  She has failed to demonstrate that Mr. Castillo exercises policy-making authority regarding the use of scooters among Defendant's employees at its Southeastern Program Service Center.  Without a showing that Mr. Castillo's opinion is relevant to her claim, the court cannot agree with Plaintiff that the email supports her

Plaintiff finally argues that, notwithstanding the fact that she can perform her job without a scooter, Defendant is obligated to supply her with one because it would allow her to live a normal life.  She cites to *Nawrot v. CPC International*, 259 F.Supp.2d 716, 726 (N.D.Ill. 2003) and *McWright v. Alexander*, 982 F.2d 222, 227 (7th Cir. 1992) in support of this argument.  According to Plaintiff, Defendant should enable her to enjoy "equal benefits and privileges" that are enjoyed by her non-disabled coworkers.  See 29 C.F.R. § 1630.2(o)(1)(iii)(1995).  Defendant must therefore provide Plaintiff with access to the cafeteria, employee lounges, restrooms, meeting rooms, and other employer-sponsored services, such as health programs, transportation, and social events.

After her scooter was reclaimed, Plaintiff was unable to go to the cafeteria because she could not stand in line and hold a tray.  She was also unable to take breaks away from her desk, go to the restroom, or attend social gatherings such as baby showers and retirement parties in the building.  She felt unsafe in her office without a scooter because she could not quickly evacuate her building if necessary.  She felt singled out, embarrassed, and humiliated after the scooter was reclaimed.  Because the restroom was so far away from her office, she often experienced bladder

---

case.

leakage and had to adjust her clothes to hide her accidents from her coworkers.[11]

Plaintiff argues that, if she is to enjoy the same benefits and privileges of employment as her non-disabled coworkers, she must be free from these limitations.

Defendant has given Plaintiff access to equal benefits of employment without

---

[11] Plaintiff testified to these facts in her affidavit (doc. 46, exh. 16). In its Motion to Strike Plaintiff's Affidavit (doc. 48), Defendant argues that the affidavit contains facts that Plaintiff neglected to mention at her deposition or in her interrogatory responses. Defendant argues it is unfair for the court to allow Plaintiff to make these assertions without giving Defendant the benefit of cross-examination.

Defendant cites to *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, in which the court found that a motion to strike a party's affidavit is properly granted when the affidavit contradicts the party's prior discovery submissions. 736 F.2d 656 (11th Cir. 1984).

The court finds no contradiction between Plaintiff's affidavit and her prior discovery submissions. The affidavit merely adds information that was not contained in her discovery responses.

Defendant argues that Plaintiff was under a duty to supply this information during discovery. FED. R. CIV. P. 26(e)(2) provides that "[a] party is under a duty seasonably to amend a [discovery response] if the party learns that the response is in some material respect <u>incomplete</u> or incorrect and if the additional or corrective information has <u>not otherwise been made known to the other parties</u> during the discovery process or in writing." (Emphasis added).

In *Hancock v. Hobbs*, the plaintiff submitted an affidavit after learning that his prior discovery submissions were incomplete. 967 F.2d 462, 468 (11th Cir. 1992). The affidavit contained information not presented during discovery. *Id.* The court properly struck the affidavit, explaining that the plaintiff had breached his duty to supplement his interrogatory responses with the additional information. *Id.*

The court has considered Defendant's arguments in support of its Motion to Strike Plaintiff's Affidavit. However, the statements in Plaintiff's affidavit do not create a genuine issue of material fact as to whether the scooter is a reasonable accommodation that Defendant must provide for Plaintiff. Therefore, without determining whether the affidavit should be stricken on the basis of *Hancock*, Defendant's Motion to Strike Plaintiff's Affidavit is due to be **DENIED** as **MOOT** because, even considering that evidence, Defendant is still entitled to summary judgment.

supplying her with a scooter.  As previously explained, Plaintiff is allowed to bring her own scooter to work.  (AF No. 63).  Defendant offered to ensure that her workstation is scooter-accessible.  (Id.).  See *Chausse v. National Security Agency*, 2003 WL 21516438 (E.E.O.C. Jun. 25, 2003) (an employer provides a reasonable accommodation by allowing a disabled employee to bring his own scooter to work and by ensuring that the work site is scooter-accessible).  Plaintiff does not argue that this alternative accommodation restricts her access to the same benefits that her non-disabled coworkers enjoy.  Nevertheless, she insists that Defendant can meet its obligation to reasonably accommodate her only by providing her with a scooter.  This argument is without merit, as Plaintiff offers no evidence that the alternative accommodations offered by Defendant are not reasonable.[12]

Plaintiff concludes her argument by alleging that her disabled coworker retained her scooter after Plaintiff's was reclaimed.  Plaintiff refers to Necole Langum (hereinafter "Ms. Langum"), who works for Defendant as a module secretary.  (Pl.'s exh. 11).  Ms. Langum's essential job functions require her to deliver reports throughout Defendant's building several times each day, collect management data at "specific scientifically determined times," and carry a notebook to each employee in

---

[12]  Plaintiff argues that summary judgment is "clearly inappropriate" because her scooter was stored in a warehouse after it was reclaimed.  It is not clear how Defendant's present use of the scooter is relevant to whether the scooter was a reasonable accommodation.

her unit to determine what employees are working on at certain times.[13]  (Pl.'s exh. 11).

Ms. Langum's ability to perform these functions is "vitally important to [Defendant's] determinations that impact [its] budget, staffing and overtime allocations."  (Id.).  However, Ms. Langum is a double amputatee and has used prosthetic limbs and crutches to navigate Defendant's building.  (Pl.'s exh. 11).  Her supervisor, Ms. Barr, recommended that Ms. Langum receive a scooter to enable her to perform the essential functions of her job.  (Id.).  According to Ms. Barr, Ms. Langum cannot perform her job without a scooter.  (Id.).

Plaintiff's circumstances are distinguishable from those of Ms. Langum.  As previously discussed, Plaintiff offers no evidence that the essential functions of her job require a scooter.  She does not navigate Defendant's building several times each day.  (Def.'s exh. 48 at 420-427).  On the contrary, she can perform her essential job duties from her desk.  (AF No. 46).

Doug France testified that, on some occasions, the Rehabilitation Act requires an accommodation to be made for a disabled employee without regard to whether it enables the employee to perform his or her essential job functions.  (France Dep. at

---

[13]  Ms. Langum's unit includes more than fifty employees whose work locations are spread over a "large work area."  (Id.).

18

125).  Plaintiff alleges that no consideration was given to her on this basis.  However, even if Plaintiff's circumstances constituted one of these occasions, she has failed to show that Defendant failed to accommodate her by allowing her to bring her own scooter to work.  Plaintiff insists that she needs a scooter in her workplace, but she offers no evidence or authority that obligates Defendant to provide her with one.

## V.     CONCLUSION

The court is mindful of Plaintiff's difficulties without a scooter in her office.  However, Defendant has not forbidden her to use a scooter in its building.  Plaintiff has not demonstrated that Defendant failed to reasonably accommodate her disability.  As such, Plaintiff cannot present a prima facie case of disability discrimination under the Rehabilitation Act.

The court finds that Defendant's Motion for Summary Judgment is due to be **GRANTED**.  A separate Order will be entered.

**DONE** and **ORDERED** this the 11th day of June, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

19