FILED

2007 Jun-11  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **DONNELLA BARRON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civ. Action. No.:** |
| **v.** | ) | **2:05-CV-2193-VEH** |
| | ) | |
| **MICHAEL J ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Before the court is the Motion of Defendant, Commissioner of the Social Security Administration (hereinafter "Defendant"), for Summary Judgment on the claims of Joyce Conway (hereinafter "Plaintiff").  (doc. 34).  The court also has before it Defendant's Motion to Strike Plaintiff's Affidavit.  (doc. 49).

Having considered the briefs and evidentiary submissions, the court finds that Defendant's Motion for Summary Judgment is due to be **GRANTED** for the reasons outlined below.  The court also finds that Defendant's Motion to Strike is due to be **DENIED** for the reasons outlined below.

## I.    FACTUAL HISTORY[1]

Plaintiff entered employment with Defendant in March 1977 at its Southeastern Program Service Center in Birmingham, Alabama.  (doc. 1, ¶ 16; AF No. 1; AAF No. 13).[2]  During the times relevant to her cause of action, Plaintiff worked as a Benefits Authorizer.  (AF No. 1).

Plaintiff suffers from osteoarthritis, causing her chronic pain in both knees. (doc. 1, ¶ 17).  She also experiences lower back pain and chronic pain in her right ankle due to arthritis.  (Id.).

Plaintiff has difficulty walking inside her office building.[3]  (Id.).  In 1998 or

---

[1]  These are the facts for summary judgment purposes only.  They may not be the actual facts.  See *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts'") (citation omitted).  Where the facts are in dispute, they are stated in the manner most favorable to the plaintiff.  See *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

[2]  The designation "AF" stands for "admitted fact" and indicates a fact offered by Defendant that Plaintiff has admitted in her written submissions on summary judgment or in her evidentiary submissions in response to Defendant's Motion for Summary Judgment.  Whenever Plaintiff has adequately disputed a fact offered by Defendant, the court has accepted Plaintiff's version.  The court's numbering of admitted facts (e.g., AF No. 1) corresponds to the numbering of Defendant's Statement of Facts as set forth in Doc. 37 and responded to by Plaintiff in Doc. 44.  Similarly, the designation "AAF" refers to "additional admitted fact" and corresponds to Plaintiff's Statement of Facts contained in Doc. 44 and responded to by Defendant in Doc. 52.  Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

[3]  Plaintiff's office building contains eleven floors and a basement.  (AAF No. 8).  The cafeteria is located on the first floor.  (Id.).  The building contains twelve elevators.  (Id)  It is not clear from the record on which floor Plaintiff worked.

1999, Defendant gave her a scooter to help her move about the building.  (doc. 1, ¶ 19, AF No. 10).

In May 2003, Defendant issued a memorandum, by which it informed its disabled employees that it would reclaim any scooters it had issued them, except where a scooter qualified as a reasonable accommodation.  (AF Nos. 15-16).

In September 2003, Defendant reclaimed Plaintiff's scooter.  (AF No. 30). Less than a week later, Plaintiff requested the scooter be returned to her as a reasonable accommodation.  (AF No. 31).  Defendant denied her request in January 2004.  (AF No. 50).  Plaintiff was informed that she could bring her own scooter to work, and that Defendant would ensure that her workstation was scooter-accessible. (AF No. 66).

In June 2004, Plaintiff was promoted to her current position as a Post Entitlement Technical Expert (hereinafter "PETE").  (doc. 1, ¶ 16, AF No. 70).  She obtained her own scooter in February 2005.  (AF No. 71).

## II.   PROCEDURAL HISTORY

Plaintiff initiated this lawsuit on October 24, 2005 by filing her complaint in this court.[4]  (doc. 1).  The complaint asserts that Defendant failed to reasonably

---

[4]  Plaintiff filed her Complaint with two other named plaintiffs to this action, Donnella Barron and Alice J. Page.  (doc. 1).  Defendant has filed separate Motions for Summary Judgment on the claims of each plaintiff.  (docs. 33, 34, 35).  The court's Memorandum Opinion

accommodate her disability in violation of the Disability Discrimination Rehabilitation Act, 29 U.S.C. § 701, *et seq*.  Plaintiff asserts this court's jurisdiction over her claims under 28 U.S.C. §§ 1343 and 1346.  She asserts that venue is proper under 28 U.S.C. § 1391(e).

In its Motion for Summary Judgment, Defendant argues that it is entitled to judgment as a matter of law as to any claims against it because no genuine issue of material fact exists.  The parties have filed briefs and evidentiary submissions in response to Defendant's motion.[5]  (docs. 37, 44, 52).

Both the Motion for Summary Judgment and Defendant's Motion to Strike Plaintiff's Affidavit are considered herein.

## III.  STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

_____

considers only the claims of Plaintiff Joyce Conway.  The claims of Plaintiffs Barron and Page will be addressed in separate memorandum opinions and orders entered by the court.

[5]  Defendant also filed Motions to Strike the Affidavits of each plaintiff in this case. (docs. 48-50).  Plaintiffs filed Responses in Opposition to Defendant's Motions to Strike (docs. 55-57), and Defendant has replied to the plaintiffs' oppositions (docs. 58-60).  Defendant's Motions to Strike the Affidavits of Plaintiffs Barron (doc. 48) and Page (doc. 50) will not be discussed in this memorandum opinion.  They will be addressed in the memorandum opinions applicable to those respective plaintiffs' claims.

the moving party is entitled to judgment as a matter of law."  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56(c) requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant.  *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  See *Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)).  If the moving party bears the burden of proof at trial, then it can meet its burden on summary judgment only by presenting positive evidence that demonstrates the absence of a genuine issue of material fact; i.e., facts that would entitle it to a directed verdict if not controverted at trial.  *Fitzpatrick*, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for a directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of any evidence in the record in support of a judgment for the

6

nonmoving party on the issue in question. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the nonmoving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343 (1996), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## IV.   ANALYSIS

§ 504 of the Rehabilitation Act of 1973 prohibits federal agencies from discriminating against "otherwise qualified" disabled employees.[6]   29 U.S.C. § 794(a). Plaintiff alleges that Defendant discriminated against her by failing to

---

[6]  Discrimination claims brought under the Rehabilitation Act are governed by the same standards as claims brought under Title I of the Americans with Disabilities Act of 1990 (hereinafter "ADA"). See *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 n. 2 (11th Cir. 1997).

7

reasonably accommodate her disability.

To establish a prima facie case of discrimination under the ADA, Plaintiff must demonstrate that she (1) is disabled or perceived to be disabled; (2) is a "qualified individual," i.e., she is qualified for and can perform the essential functions of her position with or without accommodation; and (3) was discriminated against on the basis of her disability. *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003). Plaintiff must also show that a reasonable accommodation exists. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000).

Defendant argues that Plaintiff has failed to present a prima facie case on two bases: (1) Plaintiff has not demonstrated that she is disabled, and (2) she has failed to demonstrate that she was denied a reasonable accommodation.

### 1.    Plaintiff's disability

Plaintiff's arthritis and osteoarthritis cause her to experience chronic pain and difficulty walking.  (doc. 1, ¶ 17).  However, Plaintiff offers only one piece of medical documentation, a letter from her physician that supports her claim that she is disabled. (Def.'s exh. 58). The contents of this letter are set out, in full, as follows:

> I serve as primary care physician to Ms. Joyce Conway.  Ms. Conway suffers with osteoarthritis in her knees and recurrent back pain.  Please make reasonable accommodations to her work environment to allow her to continue in her present capacity.  If I can be of further assistance, please contact me at the above address and telephone numbers.

(Id.).

Plaintiff argues that, when she requested the scooter as a reasonable accommodation, she submitted further documentation to Defendant that was subsequently destroyed.  She offers no evidence of this additional documentation, nor does she explain how such evidence could support her claim of disability if she presented it before the court.

Plaintiff argues that she is disabled because she is limited in her ability to walk. In *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2005), the court instructed that

> To be disabled with regard to the major life activity of walking, the employee must be "substantially limited" in her ability to walk, and the limitation must be permanent or long term, and considerable compared to the walking most people do in their daily lives.

The evidence taken in the light most favorable to Plaintiff indicates that she is unable to walk long distances.[7]  She uses a handicap parking space in Defendant's parking lot and a handicap permit issued by the State of Alabama.  (Pl.'s exhs. 26-27). At work, she has trouble reaching the copy machine, the break room, the supply room, and the restroom.[8]  (Conway Aff. ¶¶ 16, 25).  She fears that, in the event of an

---

[7]  It is unclear from the record how far Plaintiff can walk before stopping to rest.

[8]  The record does not specify how far Plaintiff must walk to reach these locations. Plaintiff testified to these facts in her affidavit (doc. 46, exh. 15).  In its Motion to Strike

emergency evacuation of her building, she would be unable to leave her building in time to avoid injury.  (Id., ¶¶ 21-24).  She attends mandatory meetings throughout her office building, but suffers from increased pain after forcing herself to walk to them.  (Conway Aff. ¶ 13, 18).  When she forces herself to walk, she must stop several times to rest.  (Id., ¶ 13).

At home, Plaintiff relies on her husband to perform much of the cooking, cleaning, and other household chores.  (Conway Aff. ¶ 25).  Plaintiff lives in a one-

---

Plaintiff's Affidavit (doc. 50), Defendant argues that the affidavit contains facts that Plaintiff neglected to mention in her prior discovery responses, where she was subject to cross-examination by Defendant.

Defendant cites to *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, in which the court found that an affidavit is properly stricken when it contradicts, without explanation, the affiant's prior discovery submissions.  736 F.2d 656 (11th Cir. 1984).

The court finds no contradiction between Plaintiff's affidavit and her prior discovery submissions.  The affidavit merely adds information that was not contained in her discovery responses.

Nevertheless, Defendant argues that Plaintiff was under a duty to supply this information during discovery.  FED. R. CIV. P. 26(e)(2) provides that "[a] party is under a duty seasonably to amend a [discovery response] if the party learns that the response is in some material respect <u>incomplete</u> or incorrect and if the additional or corrective information has <u>not otherwise been made known to the other parties</u> during the discovery process or in writing."  (Emphasis added).

In *Hancock v. Hobbs*, an affidavit was properly stricken under FED. R. CIV. P. 26(e)(2) because it contained information not disclosed to the opposing party during discovery.  967 F.2d 462, 468 (11th Cir. 1992).

Without determining whether Plaintiff's affidavit should be stricken on the basis of *Hancock*, the court finds that the affidavit does not create a genuine issue of material fact as to whether the scooter is a reasonable accommodation that Defendant must provide for Plaintiff.  Therefore, Defendant's Motion to Strike Plaintiff's Affidavit is due to be **DENIED** as **MOOT** because, even considering that evidence, Defendant is still entitled to summary judgment.

and-one-half story house, but rarely ascends the staircase due to her difficultly walking. (Id.). She often clings to walls and furniture, and uses a cane to move about her home. (Id.). When she goes shopping, she tries to find a store-provided mobility device, such as a wheelchair, for assistance. (AF No. 36). She is unable to go to shopping malls without some type of mobility assistance. (Def.'s exh. 59 at Int. # 9). There is no evidence of record that Plaintiff's condition is temporary.

The court finds that a genuine issue of material fact exists as to whether Plaintiff is disabled. Defendant is therefore not entitled to summary judgment on this basis.

### 2.      Reasonable Accommodation

Even if Plaintiff can demonstrate that she is disabled, Defendant argues that she has failed to present a prima facie case of discrimination because she cannot prove she was denied a reasonable accommodation.

Under the ADA, an employer may be liable for failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. . . ." 42 U.S.C. § 12112(b)(5)(A). A reasonable accommodation includes

> (1) making existing facilities used by employees readily accessible to and usable by individuals with disabilities, and (2) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or

> modification of equipment or devices . . . and other similar accommodation for
> individuals with disabilities.

42 U.S.C. § 12111(9).

> [T]he burden of identifying an accommodation that would allow a qualified
> individual to perform the job rests with that individual, as does the ultimate
> burden of persuasion with respect to demonstrating that such an
> accommodation is reasonable.

*Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir.

1997).

"[T]he use of the word 'reasonable' as an adjective for the word

'accommodate' connotes that an employer is not required to accommodate an

employee in any manner in which that employee desires." *Stewart*, 117 F.3d at 1285.

"[P]laintiff does not satisfy her initial burden by simply naming a preferred

accommodation–even one mentioned in the statute or regulations; she must show that

the accommodation is 'reasonable' given her situation." *Terrell v. USAir*, 132 F.3d

621, 626 (11th Cir. 1998), citing *Stewart*, 117 F.3d at 1286.  Plaintiff must prove that

the accommodation is reasonable to establish her prima facie case. *Willis v. Conopco,*

*Inc.*, 108 F.3d 282, 283 (11th Cir. 1997).

Plaintiff argues that a scooter is a reasonable accommodation.  However, a

motorized scooter is a reasonable accommodation only if it enables Plaintiff to

perform the essential functions of her job. *Lucas v. Grainger, Inc.*, 257 F.3d 1249,

1255 (11th Cir. 2001). "Essential functions" are fundamental job duties, as opposed to "marginal functions." 29 C.F.R. § 1630.2(n)(1); *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998). Determining whether a particular job duty is an essential function requires a factual inquiry to be conducted on a case-by-case basis. *Lucas*, 257 F.3d at 1258.

Defendant argues that Plaintiff does not require a scooter to perform her essential job functions.[9] Plaintiff disputes this argument, alleging that she needs a scooter to mentor trainees at their workstations.[10] She obtains supplies, makes photocopies, and attends mandatory meetings, which are held throughout her building. (Conway Dep. at 26-29, 32-35; Conway Aff. ¶ 16). She also walks to the library to view records on a microfiche once or twice per week. (Conway Dep. at 32-

---

[9] Plaintiff appears to argue that she need not prove that a reasonable accommodation exists, i.e., that a scooter does not have to enable her to perform her essential job functions. Rather, she argues she must only suggest the existence of a "plausible accommodation," the costs of which do not clearly exceed its benefits. See *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 781 (6th Cir. 1998).

This argument directly conflicts with Eleventh Circuit binding precedent, which clearly requires Plaintiff to show that a reasonable accommodation exists. See *Stewart*, 117 F.3d at 1286. As previously discussed, an accommodation is "reasonable" if is enables Plaintiff to perform her essential job functions. See *Lucas*, 257 F.3d at 1255. The court, therefore, rejects Plaintiff's request that the court apply a less stringent standard to her case than that which has been clearly set forth by the Eleventh Circuit Court.

[10] Plaintiff mentors trainees by working with them at their workstations. (Conway Dep. at 22). This necessarily requires her to leave her desk. It is not clear how far she must walk to reach her trainees. She cannot mentor them by telephone or email. (Id.).

33).

According to Defendant, none of these duties are Plaintiff's essential job functions. "[C]onsideration shall be given to the employer's judgment . . . and if an employer has prepared a written description . . . for the [claimant's] job, this description shall be considered evidence of the essential functions of the job." *Lucas*, 257 F.3d at 1258, citing *Earl*, 207 F.3d at 1365.  Plaintiff's job description contains no mention of making copies, obtaining supplies, or attending meetings.[11]  (Def.'s exh. 47).

Furthermore, Plaintiff's job description expressly states that her duties are "primarily sedentary."  (Def.'s exh. 47).  In Plaintiff's own words, her job duties include adjudicating beneficiary claims and responding to beneficiary inquiries, working with returned checks, overpayments and underpayments, establishing payment of attorneys' fees, processing workers' compensation cases and Medicare enrollments, assisting field offices and teller service centers, and answering Defendant's toll-free telephone line.  (Conway Dep. at 20-21).  She concedes that

---

[11]  Plaintiff testified to attending mandatory training sessions on another floor of her building, but she was unable to say how often these sessions were held.  (Conway Dep. at 32). Additionally, she must attend "work excellence" presentations in the auditorium, also on another floor from her module.  (Id. at 35).  These presentations occur once every year and last one day.

mentoring trainees is a voluntary duty.[12]  (Id. at 24-25).  After her scooter was

reclaimed, she had difficulty mentoring trainees, but she never spoke with a

supervisor about the hardship she experienced.  (Id. at 26).

Plaintiff testified that she requires a scooter to perform her duties within her

module.  (Id. at 33-35).  Plaintiff's supervisor, Patricia Hayes (hereinafter "Ms.

Hayes"), witnessed Plaintiff walking with and without a cane in her module.[13]

(Hayes Dep. at 10). (Conway Dep. at 32).  When Plaintiff had the use of a scooter,

Ms. Hayes often saw Plaintiff park the scooter in her module and walk around with

a cane.[14]  (Hayes Dep. at 11).

Plaintiff has failed to demonstrate that a scooter is necessary for her to perform

her essential job functions.  Nevertheless, she argues that a scooter is a reasonable

accommodation because, when she had a scooter, she was able to better concentrate

on her work and she felt she was more efficient in her job because she was less

---

[12]  Mentoring is included in Plaintiff's job description.  (Def.'s exh. 48).  However,
Plaintiff testified that her supervisors assign mentoring duties to Benefits Authorizers who
volunteer to mentor.  (Conway Dep. at 25).

[13]  Each floor of Defendant's building contains four modules of equal size.  (Conway
Dep. at 34).  The exact size of Plaintiff's module is unclear.

[14]  While Plaintiff was required to attend monthly meetings, which she alleges caused her
increased pain to reach by foot, she testified that these meetings were held in her module where
she was apparently capable of walking around with a cane.  (Hayes Dep. at 11).

affected by her pain.  She does not dispute, however, that she consistently received favorable performance reviews both with and without a scooter, and was promoted to her current position while she was without a scooter.  (doc. 1 ¶ 16; AF Nos. 70-71).

Even if Plaintiff required a scooter to perform her job, Defendant argues that a scooter is not a reasonable accommodation because Plaintiff requires one for her personal use.  According to Defendant, "if an adjustment or modification assists the individual throughout his or her daily activities, on and off the job, it will be considered a personal item that the employer is not required to provide."  See 29 C.F.R. § pt. 1630, app. § 1630.9.

In *Moos v. Commissioner, Soc. Sec. Admin.*, 2004 WL 1494534 (E.E.O.C. Jun. 24, 2004), the employer was not required to provide a wheelchair to its disabled employee because the employee needed the wheelchair outside of work as well as in his job.

Plaintiff seeks to distinguish *Moos* from her case.  She does not argue that she does not need a scooter in her home, however.  Instead, she asserts that she cannot use a scooter in her home.  She uses a walker instead.  Nevertheless, the record clearly demonstrates that Plaintiff needs a mobility device both "on and off the job." As previously discussed, she relies on her husband to perform much of their household chores.  (Conway Aff. ¶ 25).  She clings to walls and furniture in her home

16

and uses a cane or a walker to move about her house.  (Id.).  While shopping, she looks for stores that offer mobility devices for their patrons.  (AF No. 36).

Defendant need not provide Plaintiff with a mobility device that assists her outside her job but does not enable her to perform her essential job functions. Plaintiff has conceded that she "could perform her job duties without the use of a scooter."  (Pl. Opp. at 24-25).  The court agrees with Defendant that a scooter is not a reasonable accommodation in Plaintiff's case.[15]

Defendant has offered alternative accommodations that are reasonable in Plaintiff's circumstances.  Plaintiff argues that she needs a scooter to navigate her office building.  However, Defendant has not forbidden Plaintiff to use a scooter.  On the contrary, Plaintiff is allowed to purchase her own scooter and bring it to work with her.  (AF No. 66).  Defendant offered to ensure that her workstation is scooter-accessible.  (Id.).  See *Chausse v. National Security Agency*, 2003 WL 21516438

---

[15]  Plaintiff argues that Defendant suffers no undue burden by providing her with a scooter.  Plaintiff mistakes the issue at hand; Defendant need not demonstrate that providing a scooter is an undue burden until <u>after</u> Plaintiff has shown that a scooter is a reasonable accommodation.  See *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000).  Because the court finds that a scooter is not a reasonable accommodation in this case, it is not necessary for Defendant to show that providing her with a scooter is an undue burden.

Additionally, Plaintiff argues that summary judgment is "clearly inappropriate" because Defendant stored her scooter in a warehouse after reclaiming it.  Plaintiff does not explain how this argument is relevant to the issue whether a scooter is a reasonable accommodation in her case.

(E.E.O.C. Jun. 25, 2003) (an employer provides a reasonable accommodation by allowing a disabled employee to bring his own scooter to work and by ensuring that the work site is scooter-accessible).  While Plaintiff has demonstrated that she would benefit from having a scooter at work, she has not shown that she is entitled to a scooter at Defendant's expense.  The court finds that Defendant has reasonably accommodated her disability.  Consequently, summary judgment is appropriate in this case.[16]

---

[16] Defendant also argues that the fact that it supplied Plaintiff with a scooter in the past does not obligate it to continue doing so indefinitely.  Indeed, prior accommodations do not make an accommodation reasonable or require an employer to continue that accommodation permanently.  See *Wood*, 323 F.3d at 1314; *Holbrook*, 112 F.3d at 1528.  An employer is also not required to continue providing an accommodation that exceeds the requirements of the law.  See *Holbrook*, 112 F.3d at 1528.  Defendant's provision of a scooter to Plaintiff exceeded the legal requirements because, in her case, the scooter is a personal use item.  The court agrees with Defendant that it need not be required to continue supplying the scooter to Plaintiff simply because it has done so in the past.

Plaintiff also attempts to support her argument by offering an email written by Miguel Castillo (hereinafter "Mr. Castillo"), a regional "EEO" Manager at Defendant's Western Program Service Center, to Jan Keith, who apparently works in Defendant's Southeastern Program Service Center. (Pl.'s exh. 22).  Neither the duties of an "EEO Manager" nor the location of Mr. Castillo's office are clear from the record.  The email appears to have been in response to an inquiry by Defendant's Southeastern Program Service Center in Birmingham, regarding the Western Service Center's practice of offering scooters to its disabled employees.  (Pl.'s exh. 22).

Mr. Castillo's email reads in relevant part:  "[Defendant] used to take the position that . . . scooters are a personal accommodation and therefore not a reasonable accommodation. . . . Someone in the decision chain seems to have finally realized that a mobility impaired employee can probably negotiate around a 2,000 square foot house without a scooter, but may have problems getting around a million square foot building.  We [i.e., the Western Service Center] don't get into the fine line of 'are you now more disabled tha[n] you used to be and should therefore buy your own scooter.'  I can't imagine how you would begin to make that determination and I can already imagine the civil rights complaints that would result."  (Pl.'s exh. 22).

Plaintiff finally argues that, notwithstanding the fact that she can perform her job without a scooter, Defendant is obligated to provide her with a scooter because it would allow her to live a normal life.  She cites to *Nawrot v. CPC International*, 259 F.Supp.2d 716, 726 (N.D.Ill. 2003) and *McWright v. Alexander*, 982 F.2d 222, 227 (7th Cir. 1992) in support of this argument.  According to Plaintiff, Defendant should help her enjoy "equal benefits and privileges" that are enjoyed by her non-disabled coworkers.  29 C.F.R. § 1630.2(o)(1)(iii)(1995).  Based on this argument, Defendant must provide Plaintiff with access to the cafeteria, employee lounges, restrooms, meeting rooms, and other employer-sponsored services, such as health programs, transportation, and social events.

Plaintiff asserts that, after her scooter was reclaimed, she was unable to go to the cafeteria or take breaks away from her desk.  (Conway Aff. ¶¶ 10, 17).  She could not go to the restroom without increased pain and stress.   (Conway Aff. ¶¶ 10, 16).  She avoided social gatherings such as baby showers and retirement parties in the building.  (Id. ¶ 20).  She felt unsafe in her office without a scooter because she could

---

Plaintiff argues that Mr. Castillo's email weighs heavily in support of her argument that a scooter is a reasonable accommodation and not a personal use item.  However, she does not explain how Mr. Castillo's opinion has any legal relevance to her claims.  She has failed to demonstrate that Mr. Castillo exercises policy-making authority regarding the use of scooters among Defendant's employees at its Southeastern Program Service Center.  Without a showing that Mr. Castillo's opinion is relevant to her claim, the court cannot agree with Plaintiff that the email supports her case.

not quickly evacuate her building if necessary.  (Id. at ¶ 21).  She argues that she felt

singled out, embarrassed, and humiliated after the scooter was reclaimed.  If Plaintiff

is to enjoy the same benefits and privileges of employment as her non-disabled

coworkers, she argues that she must be free from these limitations.

Defendant has given Plaintiff access to these privileges without supplying her

with a scooter.  Again, Plaintiff is allowed to bring her own scooter to work.  (AF No.

66).  Plaintiff does not argue that this alternative accommodation restricts her access

to the same benefits that her non-disabled coworkers enjoy.  However, she insists that

Defendant can meet its obligation to reasonably accommodate her only by providing

her with a scooter.  This argument is without merit, as Plaintiff offers no evidence that

the alternative accommodations offered by Defendant are not "reasonable."

Plaintiff concludes her argument by alleging that she was denied a scooter while

another disabled employee was allowed to keep hers.  Necole Langum (hereinafter

"Ms. Langum"), works for Defendant as a module secretary.  (Pl.'s exh. 11).  Her

essential job functions require her to deliver reports throughout Defendant's building

several times each day, collect management data at "specific scientifically determined

times," and carry a notebook to each employee in her unit to determine what

employees are working on at certain times.[17]  (Pl.'s exh. 11).

Ms. Langum's ability to perform these functions is "vitally important to [Defendant's] determinations that impact [its] budget, staffing and overtime allocations." (Id.).  However, Ms. Langum is a double amputatee and has used prosthetic limbs and crutches to navigate Defendant's building.  (Pl.'s exh. 11).  Her supervisor, Ms. Barr, recommended that Ms. Langum receive a scooter to enable her to perform the essential functions of her job.  (Id.).  According to Ms. Barr, Ms. Langum cannot perform her job without a scooter.  (Id.).  It is nearly impossible for her to deliver reports and management data, or carry a notebook, while using crutches. (Id.).

Plaintiff's circumstances are distinguishable from those of Ms. Langum. Plaintiff does not require a scooter to perform her essential job functions.  She does not navigate Defendant's building several times each day.  (Def.'s exh. 48 at 420-427). On the contrary, she can perform her essential job duties from her desk.  (AF No. 42).

Doug France testified that, on some occasions, the Rehabilitation Act requires an accommodation to be made for a disabled employee without regard to whether it enables the employee to perform his or her essential job functions.  (France Dep. at

---

[17]  Ms. Langum's unit includes more than fifty employees whose work locations are spread over a "large work area."  (Id.).

125).  Plaintiff alleges that no consideration was given to her on this basis.  However, even if Plaintiff's circumstances constituted one of these occasions, she has not shown that Defendant failed to reasonably accommodate her by allowing her to bring her own scooter to work.  Plaintiff insists that she needs a scooter in her workplace, but she offers no evidence or authority that obligates Defendant to provide her with one.

## V.    CONCLUSION

Plaintiff has failed to present a prima facie case of disability discrimination under the Rehabilitation Act.  Consequently, the court finds that Defendant's Motion for Summary Judgment is due to be **GRANTED**.  A separate Order will be entered.

**DONE** and **ORDERED** this the 11th day of June, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge